¶ 57. I concur in the result reached by the majority. With respect to bite-mark evidence, I reach that result by application of the procedural bar. Because Brooks failed to object we need not discuss the question whether the particular opinions rendered by Dr. West in this case should have been admitted.
¶ 58. Much is made of the question whether we should say that bite-mark evidence is admissible. The short answer is that it depends. Some bite-mark opinions may be admissible while others may not be. It helps no one, in my view, and it is perhaps misleading to make blanket pronouncements concerning evidence. Our precedents speak for themselves. As with all expert opinions proffered, the trial court confronted with an offer of bite-mark evidence will have to examine that proffer in context, including, but not limited to, the qualifications of the expert before it, the examination conducted, and the specific opinions proffered. That is what and all that Howard said and all, in my view, that needs to be said. Howard v. State, 701 So.2d 274, 288 (Miss.1997).
SULLIVAN, P.J., AND WALLER, J., JOIN THIS OPINION.